ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IX

| | | |
|---|---|---|
| MAYRA L. NARVÁEZ FELICIANO<br><br>QUERELLANTE-RECURRENTE<br><br>V.<br><br>MUNICIPIO DE BARCELONETA<br><br>QUERELLADO-RECURRIDO | TA2026RA00195 | *REVISIÓN DE DECISIONES ADMINISTRATIVAS* procedente de la Comisión Apelativa del Servicio Público<br><br>Caso Núm.: SS-23-000130<br><br>Sobre: Retribución |

Panel integrado por su presidenta, la juez Brignoni Mártir, el juez Salgado Schwarz, y la juez Aldebol Mora

**Brignoni Mártir, Juez Ponente**

**SENTENCIA**

En San Juan, Puerto Rico, a 23 de abril de 2026.

Comparece ante nos, la señora Mayra L. Narváez Feliciano (en adelante, "la recurrente"). Solicita nuestra intervención para que dejemos sin efecto la *"Resolución"* emitida el 12 de febrero de 2026 y notificada el 19 del mismo mes y año, por la Comisión Apelativa del Servicio Público (en lo sucesivo, por sus siglas, "CASP"). Mediante esta, la CASP desestimó por falta de jurisdicción la *"Apelación"* presentada por la recurrente.

Por los fundamentos que expondremos a continuación, *desestimamos* el recurso de epígrafe por haberse presentado de forma tardía.

**I.**

La controversia ante la CASP comenzó el día 13 de diciembre de 2023, fecha en que la recurrente presentó una *"Apelación"* en contra del Municipio de Barceloneta. En apretada síntesis, cuestionó la determinación del referido Municipio de no concederle el aumento de

salario que solicitó a través de una misiva de fecha de 14 de septiembre de 2023.

Tras varios trámites procesales que no son necesarios de pormenorizar, el 19 de febrero de 2026, la CASP notificó la *"Resolución"* que hoy se nos solicita revisar. A través de esta, desestimó por falta de jurisdicción la *"Apelación"* presentada por la recurrente.

En desacuerdo, el 3 de marzo de 2026, la recurrente presentó oportunamente una *"Solicitud de Reconsideración."* No surge del expediente ante nos, que la CASP haya acogido o adjudicado el petitorio presentado. Así las cosas, el 19 de abril de 2026, la recurrente compareció ante este Tribunal mediante un recurso de revisión judicial.

Tras un examen detenido de los términos aplicables, concluimos que la recurrente instó la presente revisión administrativa a destiempo. Veamos.

**II.**

**A.    Jurisdicción**

La jurisdicción es el poder o la autoridad de un tribunal para considerar y decidir casos o controversias. *Friger Salgueiro v. Mech-Tech College, LLC y otros,* 2026 TSPR 30; *Greene y otros v. Biase y otros,* 2025 TSPR 83 (2025); *R&B Power, Inc. v. Junta de Subastas ASG*, 213 DPR 685, 698 (2024). "Es por eso que la falta de jurisdicción de un tribunal incide directamente sobre el poder mismo para adjudicar una controversia." *Allied Mgmt. Group v. Oriental Bank,* 204 DPR 374, 386 (2020); *Peerless Oil v. Hermanos Pérez*, 186 DPR 239, 249 (2012). A tales efectos, si un tribunal carece de jurisdicción, solo resta así declararlo y desestimar la reclamación sin entrar en los méritos de la controversia. *JJJ Adventure, LLC v. Consejo de Titulares del Condominio Adaligia; Aseguradora X,* 2025 TSPR 123; *Mun. de San Sebastián v. QMC Telecom*, 190 DPR 652, 660 (2014).

En lo aquí concerniente, un recurso presentado prematura o tardíamente priva insubsanablemente de jurisdicción y autoridad al

tribunal ante el cual se recurre para atender el asunto, caso o controversia. *S.L.G. Szendrey-Ramos v. F. Castillo*, 169 DPR 873, 883-884 (2007). Un recurso presentado prematura o tardíamente carece de eficacia y no produce ningún efecto jurídico, pues, al momento de su presentación, su naturaleza prematura o tardía hace que el foro apelativo no tenga autoridad alguna para acogerlo. *Id.* Ante esos casos, el tribunal desestimará la acción o el recurso y no entrará en los méritos de la cuestión ante sí. *Pérez López v. CFSE*, 189 DPR 877, 883 (2013); *S.L.G. Szendrey-Ramos v. F. Castillo*, supra, pág. 883.

**B.    Términos aplicables a la presentación y adjudicación de mociones de reconsideración ante la CASP y a la presentación de recursos de revisión administrativa ante el Tribunal de Apelaciones:**

En lo aquí pertinente, el Plan de Reorganización de la Comisión Apelativa del Servicio Público, Plan de Reorganización Núm. 2-2010, según enmendado, establece lo siguiente con relación a la presentación y adjudicación de mociones de reconsideración:[1]

> Cualquier parte adversamente afectada por una resolución u orden parcial o final de la Comisión podrá, **dentro del término de veinte (20) días desde la fecha de archivo en autos de la notificación de la resolución u orden, presentar una moción de reconsideración de la resolución u orden. La Comisión dentro de los quince (15) días de haberse presentado dicha moción deberá considerarla**. Si la rechazare de plano o no actuare dentro de los quince (15) días, **el término para solicitar revisión comenzará a decursar nuevamente desde que se notifique dicha denegatoria o desde que expiren esos quince (15) días, según sea el caso**. Si se tomare alguna determinación en su consideración, el término para solicitar revisión empezará a contarse desde la fecha en que se archive en autos una copia de la notificación de la resolución de la agencia, resolviendo definitivamente la moción de reconsideración.
>
> [...]
>
> Las decisiones de la Comisión serán finales a menos que la Autoridad Nominadora, la organización obrera, el ciudadano o el empleado **solicite su revisión judicial, radicando una petición al efecto ante el Tribunal de Apelaciones**, conforme a lo aquí dispuesto. (Énfasis suplido). 34 LPRA Ap. XIII, Artículo 14.

Por su parte, la Regla 57 del Reglamento del Tribunal de Apelaciones establece lo siguiente con relación a la presentación de recursos de revisión judicial:

---

[1] Cabe mencionar, que el Artículo 7.22 del Reglamento Procesal de la CASP contiene un lenguaje similar al dispuesto en el Plan de Reorganización sobre la presentación y adjudicación de mociones de reconsideración. Véase, el Reglamento Núm. 9697 de la CASP.

> **El escrito inicial de revisión deberá presentarse dentro del término jurisdiccional de treinta días** contados a partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final del organismo o agencia, **o a partir de la fecha aplicable cuando el término para solicitar la revisión judicial haya sido interrumpido mediante la presentación oportuna de una moción de reconsideración,** a menos que alguna ley especial aplicable disponga un término distinto. Si la fecha del archivo en autos de copia de la notificación de la resolución u orden es distinta a la del depósito en el correo de dicha notificación, el término se calculará a partir de la fecha del depósito en el correo. (Énfasis suplido).   Véase, *In re Aprob. Enmdas. Reglamento* TA, 2025 TSPR 42, pág. 80, 215 DPR ___ (2025).

**III.**

Surge del tracto procesal expuesto, que el 19 de febrero de 2026, la CASP notificó la *"Resolución"* que hoy es objeto de revisión. De forma oportuna, el **3 de marzo de 2026**, la recurrente presentó *"Solicitud de Reconsideración."* No obstante, la CASP no consideró la referida moción dentro de los quince (15) días dispuestos para ello en Plan de Reorganización Núm. 2-2010, *supra*. En vista de lo anterior, el término jurisdiccional de treinta (30) días para recurrir a este Tribunal comenzó a decursar una vez expirados los aludidos quince (15) días. Entiéndase, en el presente caso, los referidos quince (15) días **comenzaron a transcurrir el 3 de marzo de 2026** y **expiraron el 18 de marzo de 2026.** De modo que, a partir de esta última fecha comenzaron a decursar los treinta (30) días jurisdiccionales que tenía la recurrente a su favor para presentar un recurso de revisión judicial.

Así pues, la recurrente tenía **hasta el viernes 17 de abril de 2026** para presentar el recurso de epígrafe. Sin embargo, no fue hasta el **19 de abril de 2026** que radicó su recurso de revisión administrativa. Ante ello, no cumplió con el término jurisdiccional establecido en nuestro Reglamento, por lo cual, la presentación de este recurso adolece de ser una tardía. El tracto procesal aquí acontecido nos priva de autoridad para entender y resolver los méritos de la revisión judicial presentada. Por lo tanto, ante estas circunstancia nuestro deber es declarar nuestra falta de jurisdicción y desestimar el recurso instado.

### IV.

Por los fundamentos que anteceden, *desestimamos* el presente recurso de revisión judicial por haberse presentado tardíamente.

**Notifíquese.**

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones